UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:18-cr-90-CEH-MRM

DANILO ALEJANDRO ESTACIO-
NUNEZ

_____/

# ORDER

This matter comes before the Court on Defendant Danilo Alejandro Estacio-Nunez's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Reasons (Doc. 109). In the motion, Defendant requests a reduction in his sentence to care for his "wife" who suffers from mental complications and is without care due to the death of Defendant's son. The Government filed a response in opposition. Doc. 110. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Reasons.

## I.   BACKGROUND

On August 9, 2018, Estacio-Nunez was sentenced to a term of 135 months' incarceration upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 91. Now 45 years old, he is incarcerated at FCI

Berlin in New Hampshire with an anticipated release date of December 4, 2026. *See* https://www.bop.gov/inmateloc/ (last accessed October 31, 2023).

Estacio-Nunez moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he should be released because of the death of his son, who served as the caretaker for Estacio-Nunez's partner. Doc. 109. Estacio-Nunez claims that his partner, who he states was suffering from mental complications due to his absence, is now mentally incapacitated following his son's death. *Id.* at 3. Estacio-Nunez also argues that he should be released so that he can perform a traditional burial rite for his son. *Id.* In support of his motion, Estacio-Nunez claims that he is not a threat to the community and has been a model inmate who has participated in several rehabilitation programs. *Id.* at 4-5.

In response, the Government first argues that Estacio-Nunez has not exhausted his administrative remedies because, despite the inclusion in his motion of a request to the warden dated March 20, 2022, there is no record of the request ever being submitted, received, or acted on. Doc. 110 at 4. The Government further asserts that Estacio-Nunez has not identified extraordinary and compelling reasons for compassionate release. *Id.* The Government notes that the documentation provided by Estacio-Nunez does not include information about his partner's medical condition and whether alternative caretakers are available. *Id.* at 5. The Government also argues that even if Estacio-Nunez could establish an extraordinary and compelling reason for release, the sentencing factors listed in 18 U.S.C. § 3553(a) weigh against a sentence reduction. *Id.* at 7.

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

As a threshold matter, the Court finds that Estacio-Nunez has not adequately exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Estacio-Nunez states that he submitted a request to the warden on March 20, 2022, before filing the instant motion on April 19, 2021. Doc. 109 at 7. However, the Government notes that neither the administrative remedies log, Estacio-Nunez's submission, nor Bureau of Prison records show that the request was submitted to or received by the warden. Doc. 110 at

4. In this case, the Court agrees that Estacio-Nunez has failed to meet his burden to demonstrate exhaustion of administrative remedies.

Even if Estacio-Nunez could demonstrate administrative exhaustion has been satisfied, he fails to establish an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant has the burden of establishing that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Estacio-Nunez is 45 years old and was not incarcerated until 2018. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy section 3582(c)(1)(A). He contends that the third category discussed in section 1B1.13, "family circumstances," is applicable to this case; specifically, he

6

claims the death of his son and the resulting lack of a caretaker for his incapacitated partner constitutes an extraordinary and compelling reason for release. Doc. 109 at 2-3. Regarding this third factor, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C).

While Estacio-Nunez's motion includes documentation of his son's death, he has not met his burden of demonstrating that his partner is a "spouse or registered partner," that she is incapacitated, or that Estacio-Nunez is the only available caregiver for her. As the Government notes, Estacio-Nunez has other adult children and family members in the area. Doc. 72 at 8. Although the presentence report indicates that he did not maintain contact with his siblings, he has at least three living adult children with his partner. *Id.* at 7-8. Further, there is no record evidence that his partner qualifies as a "spouse or registered partner." The presentence report reflects that Estacio-Nunez has never been legally married. *Id.* at 8. Thus, because Estacio-Nunez has neither shown that his partner is in fact incapacitated nor met his burden of demonstrating that he is "the only available caregiver for the spouse or registered partner," he has failed to demonstrate an extraordinary and compelling reason under this category.

The fourth type of extraordinary and compelling reason listed in the policy statement, often described as a "catch-all" provision, provides that, "[a]s determined

by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Estacio-Nunez states in his motion that he "is required to perform [his son's] burial rite according to the tradition but is presently unable to perform this rite due to his incarceration." Doc. 109 at 3. He alleges no further details regarding his son's burial. *Id.*

Estacio-Nunez relies on *United States v. Montevecchi*, a case from the Southern District of New York, where the district court granted a defendant's motion for compassionate release so that he could attend his son's funeral. *United States v. Montevecchi*, 1:18-cr-00015-AKH, 2021 U.S. Dist. LEXIS 87909, at *2–3 (S.D.N.Y. May 7, 2021). There, the court reasoned that "[g]rounds for compassion are especially compelling when such a tragedy happened only a few months before the end of [defendant's] custodial sentence. *Id.* at *3. *Montevecchi* is distinguishable in that the defendant had served all but a few months of his 30-month prison sentence, *see id.* at *1-2, whereas here, Estacio-Nunez is not scheduled to be released until December

8

2026. Moreover, this Court is bound to follow the Eleventh Circuit's ruling in *Bryant*, and Estacio-Nunez has not established the applicability of the policy statement's catch-all provision because he has not demonstrated that the Bureau of Prisons has approved this identified reason as extraordinary and compelling.

Estacio-Nunez fails to meet his burden of demonstrating that he exhausted his administrative remedies. However, even if he did, Estacio-Nunez's motion would still be denied because he has not made a substantial showing of a medical condition, family circumstance, age, or a specific reason identified by the Bureau of Prisons pursuant to the policy statement. U.S.S.G. § 1B1.13, cmt. n.1. Therefore, this Court cannot find that he has established an extraordinary and compelling reason warranting a reduction in his sentence.[2]

Accordingly, it is **ORDERED**:

1.      Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Reasons (Doc. 109) is **DENIED**.

2.      The Clerk is directed to mail a copy of this Order to Defendant at FCI Berlin, 1 Success Loop Road, Berlin, N.H. 03570, and update the docket accordingly with Defendant's current address.

---

[2] Because the Court has determined that Estacio-Nunez is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021)

**DONE AND ORDERED** in Tampa, Florida on October 31, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies:
Danilo Alejandro Estacio-Nunez, *pro se*
Counsel of record